UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY D. WOULARD,

    Petitioner,

v.                                        CASE NO. 6:14-cv-2058-Orl-37DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 7). Petitioner filed a reply to the response (Doc. 9) and an amended reply (Doc. 12).

Petitioner alleges three claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

**I.    PROCEDURAL HISTORY**

Petitioner was charged by information with second degree murder with a firearm (count one) and possession of a firearm by a convicted felon (count two) (Doc. 7-1 at 5). Petitioner entered into a negotiated plea whereby he agreed to plead guilty to the lesser included offense of manslaughter with a firearm for count one and to count two as charged in exchange for two concurrent fifteen-year sentences followed by ten years of

probation. *Id.* at 8-11. On May 11, 2010, the trial court sentenced Petitioner pursuant to the terms of the plea agreement. *Id.* at 35-36, 41-48.

On June 10, 2010, Petitioner filed a motion to withdraw his plea. *Id.* at 50-51. However, Petitioner later filed a notice that he wanted to withdraw his motion. *Id.* at 53-54. On July 30, 2010, the trial court held a hearing on the matter, and Petitioner stated that he did not wish to go forward on the motion to withdraw plea. *Id.* at 56-67. The trial court allowed Petitioner to withdraw his motion. *Id.* Petitioner did not appeal. Petitioner filed a second motion to withdraw plea on August 14, 2010.[1] *Id.* at 70. The trial court dismissed the motion as untimely. *Id.* at 72-73. Petitioner did not appeal.

On January 26, 2011, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 86-112. The trial court denied Petitioner's first claim and determined an evidentiary hearing was warranted on Petitioner's second claim (Doc. 7-2 at 75-81). An evidentiary hearing was held, and on March 29, 2013, the trial court denied Petitioner's remaining claim (Doc. Nos. 7-2 at 109-128; 7-3 at 1-19). Petitioner appealed, and appellate counsel filed an *Anders*[2] brief and moved to withdraw from the case (Doc. 7-3 at 40-52). The Fifth District Court of Appeal

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

[2] *Anders v. California*, 386 U.S. 738 (1967).

("Fifth DCA") granted counsel's motion to withdraw and on April 8, 2014, affirmed *per curiam*. *Id.* at 74-76. Mandate issued on May 2, 2014. *Id.* at 78. Petitioner filed his federal habeas petition on December 10, 2014 (Doc. 1).

## II.   TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Petitioner did not appeal his conviction and sentence. Consequently, the one-year

limitations period began to run on August 30, 2010, or thirty days after Petitioner's motion to withdraw plea proceedings concluded. *See* Fla. R. App. P. 9.140(b)(3); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30–day period for filing a direct appeal expires). Therefore, under § 2244(d)(1)(A), Petitioner had through August 30, 2011, absent any tolling, to file a federal habeas petition.[3]

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed his Rule 3.850 motion on January 26, 2011. A total of 149 days of the one-year limitations period elapsed before Petitioner filed this motion. The limitations period was tolled from January 26, 2011, through May 2, 2014, the date mandate issued on appeal from the denial of the Rule 3.850 motion. Petitioner had 216 days of the limitations period remaining, or until December 4, 2014, to file his federal habeas petition. The federal habeas petition, filed on December 10, 2014, is untimely filed.

Moreover, Petitioner's federal habeas petition, filed on October 7, 2014, in case number 6:14-cv-1646-Orl-18TBS, did not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding "an application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning

---

[3] Petitioner's second motion to withdraw plea did not toll the one-year limitations period because it was untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).")

4

of 28 U.S.C. § 2254(d)(2)."); *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008). Therefore, the instant habeas petition is untimely filed.

### III. EQUITABLE TOLLING

To overcome his untimely filing, Petitioner contends that he is entitled to equitable tolling (Doc. 9). In support of this claim, Petitioner states that the Court erred when it dismissed case number 6:14-cv-1646-Orl-18TBS due to his failure to pay the filing fee. *Id.* at 2. Petitioner states that a dismissal due to failure to pay the filing fee amounts to a denial of his right to access the courts, and as such, is unconstitutional. *Id.*

The Supreme Court of the United States held in *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace*, 544 U.S. at 418).

In *Smallwood v. Sec'y, Dep't of Corr*, 178 F. App'x 944, 945 (11th Cir. 2006), the Eleventh Circuit concluded that a habeas petitioner was not entitled to equitable tolling of the one-year limitations period during the time his first federal habeas petition was pending because the petitioner was not the victim of extraordinary circumstances that were beyond his control and unavoidable even with due diligence. The court stated that the petitioner received notice of the dismissal of the first federal habeas action, and instead of appealing the dismissal of the initial action, he chose to file a new petition. *Id.* The court reasoned that because the petitioner "did not exhaust the options available to him when his first federal habeas petition was dismissed, he did not exercise the level of

5

diligence required to show the rare and exceptional circumstances that qualify a petitioner for equitable tolling." *Id.* (quotation omitted).

Similar to *Smallwood*, Petitioner received the notice of dismissal in case number 6:14-cv-1646-Orl-18TBS. However, rather than file a motion for reconsideration or pursue an appeal of the dismissal, Petitioner filed a new petition. Petitioner has not demonstrated extraordinary circumstances or due diligence. Therefore, he is not entitled to equitable tolling on this basis.[4]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition

---

[4]Additionally, contrary to Petitioner's arguments, the Court dismissed Petitioner's first case because he failed to comply with Local Rule 1.03(e), which requires a *pro se* party to pay the full filing fee or move to proceed in forma pauperis within thirty days of commencement of the action. *See* Doc. 4, case number 6:14-cv-1646-Orl-18TBS. Therefore, the Court did not deny Petitioner his right to access the court. Moreover, as noted above, Petitioner did not move for reconsideration of that order, nor did he appeal.

6

on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Timothy D. Woulard (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 7th day of January, 2016.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 1/7
Counsel of Record

Timothy D. Woulard